### 16559.   HOBGOOD v. THE STATE.

BROYLES, C. J.   Under all the facts of the case as disclosed by the record it is not made to appear that the trial judge abused his discretion in refusing to reinstate the motion for a new trial.

Judgment affirmed. Luke and Bloodworth, JJ., concur.

DECIDED JULY 29, 1925.

Indictment for making whisky; from Gordon superior court—Judge Tarver.   May 2, 1925.

*Joseph M. Lang,* for plaintiff in error.

*C. C. Pittman, solicitor-general,* contra.

---

### 16560.   OVERSTREET v. THE STATE.

LUKE, J.   The evidence fully authorized the verdict which has the approval of the trial judge; and it was not error to overrule the motion for a new trial, which was based on the general grounds only.

Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.

DECIDED JULY 29, 1925.

Conviction of manslaughter; from Berrien superior court—Judge Knight.   May 2, 1925.

*W. R. Smith,* for plaintiff in error.

*Henry C. Morgan, solicitor-general,* contra.

---

### 16562.   PERRY v. THE STATE.

BLOODWORTH, J.   1. When read in connection with the other portions of the charge of the court, the excerpts complained of contain no error that requires the grant of a new trial.   If additional instructions in reference to any of these propositions were desired, they should have been requested in the mode provided by the statute.

2. There was evidence to support the verdict.

Judgment affirmed. Broyles, C. J., and Luke, J., concur.

DECIDED JULY 29, 1925.

Indictment for making liquor; from Appling superior court—Judge Highsmith.   April 18, 1925.

*V. E. Padgett,* for plaintiff in error.

*W. B. Gibbs, solicitor-general,* contra.